# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| **FLIGHT OPTIONS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-1864 (RMC) |
| | ) | |
| **INTERNATIONAL BROTHERHOOD** | ) | |
| **OF TEAMSTERS, AIRLINE DIVISION,** | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Flight Options, LLC seeks to vacate an arbitration award that reinstated discharged pilot Captain John Hodges. International Brotherhood of Teamsters (IBT) Airline Division and Teamsters Local Union No. 1108 (Local 1108) move to dismiss the complaint or to transfer venue to the Northern District of Ohio, where both Flight Options and Local 1108 are located. Flight Options, as Plaintiff, has selected the District of Columbia as its preferred forum; Defendant IBT Airline Division, the certified bargaining representative and signatory to the parties' collective bargaining agreement, is located in D.C. All parties agreed to arbitrate Captain Hodges' discharge in the District; the arbitration that is the focus of this case began and continued for two days in D.C.; and Defendant Local 1108 thereby had substantial contacts with D.C. and can be deemed to have consented to jurisdiction in D.C. The Court will deny the motion.

## I. FACTS

According to the papers, Flight Options is a luxury jet fractional air carrier headquartered in Richmond Heights, Ohio. Flight Options is signatory to a collective bargaining

1

agreement with IBT Airline Division that covers its pilots. IBT and IBT Airline Division are located in the District of Columbia. Local 1108, which "implement[s]" the collective bargaining agreement, *see* Defendants' Mot. to Dismiss or Transfer Venue (Defs.' Mot.) [Dkt. 5] at 2, is located in Richmond Heights, Ohio. The contract is governed by the Railway Labor Act (RLA), 45 U.S.C. § 151 *et seq*. Flight Options seeks to vacate an arbitration award of the parties' System Board of Adjustment (Board), which was issued by Homer La Rue as Impartial Arbitrator and Board Chair from his place of business in Columbia, Maryland.[1] The parties' post-hearing briefs were submitted to the Board in Cleveland, Ohio, and to Arbitrator La Rue in Columbia, Maryland. The first two days of the arbitration hearing were conducted in Washington, D.C., and the last three days were conducted at various locations in or near Cleveland, Ohio. *See* Ex. 2, Defs.' Mot., Declaration of Business Agent Laddie J. Hostalek (Hostalek Decl.) [Dkt. 5-2] ¶ 2 ("IBT Local 1108 acts on behalf of Defendants" IBT and IBT Airline Division.); *see id.* ¶ 19 (arbitration hearings in D.C. and Cleveland).

"International Brotherhood of Teamsters, Airline Division, ('IBT ALD") [sic] is the National Mediation Board certified representative of the craft or class of pilots at Flight Options for labor law purposes under the RLA." *Id.* ¶ 23. IBT Airline Division is "an administrative unit of IBT." *Id.* ¶ 14. Neither "had any involvement in representing [Capt.] Hodges regarding his termination," as it was handled by Local 1108. *Id.* ¶ 24.

Flight Options filed its Petition to Vacate Arbitration Award in this Court on September 12, 2017. [Dkt. 1]. On that same date, Local 1108 and IBT Airline Division filed an

---

[1] *See Int'l Ass'n of Machinists, AFL-CIO, v. Central Airlines, Inc.*, 83 S. Ct. 956 (1963) (explaining history of system boards for airline industry under RLA and role of neutral arbitrator).

Action to Enforce Arbitration Award in the District Court of the Northern District of Ohio, where the parties are already conducting other, unrelated, litigation.

## II. ANALYSIS

The parties argue over whether this Court in the District of Columbia has jurisdiction over Local 1108, which is an unincorporated association headquartered in Richmond, Ohio, where Flight Options is also headquartered. Specifically, each side cites 28 U.S.C. § 1391, which provides in relevant part:

> (b) **Venue in general**.—A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
>
> (c) **Residency**.—For all venue purposes—
>
> . . . (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question . . . .

*Id.* § 1391(c)(2). Contending that "Local 1108 is the local affiliate of the IBT that handles the day-to-day representation of the pilots at Flight Options and actually prosecuted the grievance and arbitration from its headquarters in Richmond Heights, Ohio," Defendants argue that "[n]o substantial part of events or omissions giving rise to the claim for relief occurred in the District of Columbia," so that jurisdiction cannot be predicated on 28 U.S.C. § 1391(b)(2). Defs.' Mot. at 4; *see also id.* at 5 (arguing that "the arbitration has almost no connection to this district").

3

Plaintiff Flight Options responds that "[t]here is no dispute that this Court has specific personal jurisdiction over Local 1108" because Local 1108 "purposely availed itself of the privileges of conducting business in this District by actively participating in the arbitration in this District." Plaintiff's Resp. to Def.'s Mot. to Dismiss or Transfer Venue (Pl.'s Resp.) [Dkt. 10] at 2. Plaintiff thereby contends that Local 1108 is a resident of this district under § 1391(b)(1) and that a substantial part of the events giving rise to this suit took place here, providing jurisdiction under § 1391(b)(2). Plaintiff emphasizes that "§ 1391(b)[(2)] only requires that a substantial part of the events giving rise to" a lawsuit occurred in this forum, not the totality of events or even a majority of them. Pl.'s Resp. at 3.

Both parties cite *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985), a case in which Burger King Corporation, located in Florida, sued a non-Florida franchisee in federal court in Florida. *Burger King* reiterates the "constitutional touchstone" that a defendant must have "purposefully established 'minimum contacts' in the forum State." *Burger King*, 471 U.S. at 474 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1985)); *see also id*. at 474-75 (emphasizing that "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities with the forum State, thus invoking the benefits and protections of its laws") (citation omitted). "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State." *Id*. at 475 (emphasis omitted).

This Court first notes that IBT Airline Division is the certified bargaining agent of the Flight Options pilots, not Local 1108. As is the IBT, this "administrative" arm of IBT is located in the District of Columbia. *See* Pl.'s Resp. at 2. The underlying legal relationship that binds the parties to arbitrate Captain Hodges' discharge is, therefore, between Flight Options and

IBT Airline Division. Local 1108 is the local agent authorized to carry out IBT Airline Division's contractual responsibilities and assert its contractual rights, as Local 1108 has done here.

Local 1108 is headquartered in Richmond, Ohio where it is an unincorporated "resident" that can sue and be sued. However, it also "resides" for purposes of § 1391(c)(2) "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C § 1391(c)(2). The question, therefore, returns to § 1391(b) and whether Local 1108 has purposefully established minimum contacts in the District of Columbia through (i) its agreement to arbitrate the Hodges grievance in this district (the location of IBT Airline Division and near the arbitrator in Columbia, MD); and (ii) its active presence in the District of Columbia for the first two days of that arbitration, which is the subject of the instant petition. This is a close question on which the instant record does not provide sufficient historical detail to decide.

However, it is much more clear that the District of Columbia is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id*. § 1391(b)(2). First, all parties mutually agreed to hold the arbitration hearing in this city. Second, all parties presented themselves on the appointed days to present their cases to Arbitrator LaRue. Third, it is exactly that Arbitrator's decision that is in contention here. Fourth, the District of Columbia is Plaintiff Flight Options' preferred venue, which gets some deference.

This conclusion does not deny that other venues, such as the Northern District of Ohio, might also be available. It merely reflects that, not unusually, a lawsuit might properly be filed in more than one district court.

### III. CONCLUSION

The Motion to Dismiss or Transfer [Dkt. 5] will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date: June 1, 2018

/s/
ROSEMARY M. COLLYER
United States District Judge